UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:14-cr-00090 |
| v. ) | Judge Campbell |
| ) | |
| [9]  WILTON BAILEY ) | |
| [10] CLIFFORD WOODS ) | |
| [11] TOMMY E. SMITH ) | |

<u>UNITED STATES' MOTION IN LIMINE TO EXCLUDE STATEMENTS, QUESTIONING
AND ARGUMENT REGARDING MEDICAL CONDITIONS OF DEFENDANTS</u>

Comes now the United States, by and through the undersigned, and respectfully requests this Court exclude the defendants from questioning potential jurors, making comments before potential jurors, making statements/argument to empaneled jurors, submitting or eliciting proof from any witness, of any alleged or existing medical condition of any defendant. The United States' request is based upon the following:

1. Defendant Woods' has set forth that he may offer expert testimony of Dr. James M. Casey. (Notice R. 1061 PageID# 4168-4170). Dr. Casey's proposed testimony consists of the defendant meeting the criteria for opioid use disorder, severe, as well as cocaine use disorder, severe, and alcohol disorder, moderate. Additionally Dr. Casey will testify that Woods has continued to use drugs despite their having a negative impact on his health, including his liver due to acquiring hepatitis C.

2. Defendant Bailey has made notice to the United States a certain medical condition and other health related matters of defendant Bailey.

3. The United States submits that the proposed testimony of Dr. Casey, as well as any other medical condition or health related matter of any defendant, should be excluded pursuant to Fed. R. Evid. 401 as such evidence is not relevant to any issue at trial, as such

evidence does not have a tendency to make a fact more or less probable than it would be without the evidence and such facts are not of consequence in determining the action.

The United States submits the proposed testimony of Dr. Casey, as well as any other medical condition or health issue of any defendant, even if found to be relevant, should be excluded pursuant to Fed. R. Evid. 403 as the probative value of any such information is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

In *United States v. Kean*, 1991 WL 270828 (6th Cir. 1991) Kean argued the district court erred in refusing to permit an expert to testify as to crack cocaine's general effect on a person's mental state for the purpose of proving that Kean suffered from diminished capacity when he committed the bank robberies for which he was charged. In affirming the district court, the court of appeals stated:

> This court has recently reaffirmed that it "is well established that intoxication, whether voluntary or involuntary, may preclude the formation of specific intent and thus serve to negate an essential element of certain crimes." *United States v. Newman*, 889 F.2d 88, 92 (6th Cir.1989), cert. denied, 110 S.Ct. 2566 (1990). However, the "mere addiction to narcotics" is insufficient to establish a psychiatric disorder that would relieve a defendant from culpability for his crime. Cf. *Brinkley v. United States*, 498 F.2d 505, 511 (8th Cir.1974) (holding that trial court did not abuse discretion in excluding testimony of expert witness on defendant's alleged drug addiction because evidence might have confused the jury); *United States v. Newman*, 849 F.2d 156, 165 (5th Cir.1988) (same).

In *United States v. Castro*, 15 F.3d 417, 421-422 (5th Cir. 1994) the court found the defendant was not entitled to a defense of insanity based upon his heroin addiction and had previously been confined to a mental institution. In doing so, the court found:

> These reasons are insufficient to put his sanity at the time of the offense into issue at trial. Evidence of heroin addiction is insufficient to show that a defendant's sanity would be a significant factor at trial. See *Volanty v. Lynaugh*, 874 F.2d 243, 247 (5th Cir.1989) (holding that drug addiction alone is insufficient to make the defendant's sanity a significant factor at trial under Ake ). Moreover,

evidence of drug addiction, even when coupled with past confinement in a mental institution, is still insufficient to establish the requisite factual showing necessary to give the trial court reason to doubt the defendant's sanity at the time of the offense. See *Pedrero v. Wainwright*, 590 F.2d 1383, 1391-92 (5th Cir.1979).

    Respectfully submitted,

    DAVID RIVERA
    UNITED STATES ATTORNEY

    /s/Van S. Vincent
    Van S. Vincent
    Assistant United States Attorney
    110 Ninth Avenue South, Suite A-961
    Nashville, Tennessee 37203
    (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Counsel for defendants Woods, Bailey, and Smith.

/s/ Van S. Vincent
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203
Telephone: 615/736-5151

4